MICHAEL C. GHIZZONI, COUNTY COUNSEL
MARY PAT BARRY, SR. DEPUTY (Bar No. 148354)
COUNTY OF SANTA BARBARA
105 E. Anapamu St., Suite 201
Santa Barbara, CA  93101
(805) 568-2950 / FAX: (805) 568-2983
E-mail: mpbarry@co.santa-barbara.ca.us

Attorneys for Non-Parties,
County of Santa Barbara and
Former Santa Barbara County
Supervisor SALUD CARBAJAL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> HVI CAT CANYON, INC., f/k/a GREKA OIL & GAS, INC., <br><br> Defendant. | Case No: 2:11-cv-05097-FMO-SS <br><br> **[DISCOVERY MATTER: REFERRED TO MAGISTRATE JUDGE SUZANNE H. SEGAL]** <br><br> **COUNTY OF SANTA BARBARA'S EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MARTIN MCKENZIE IN SUPPORT; DECLARATION OF MARY PAT BARRY IN SUPPORT; PROPOSED ORDER** <br><br> **[Fed. R. Civ. P. 26(c) & 45(d)(3)(A)(iv); L.R. 7-19]** <br><br> Judge:  Hon. Suzanne H. Segal <br> Courtroom:   590, 5th Fl. Roybal Bldg. |

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA**
i.

By this ex parte application made pursuant to Central District Local Civil Rule 7-19, non-party County of Santa Barbara ("County"), on behalf of non-party former County Supervisor Salud Carbajal, seeks an order pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3)(A)(iv) quashing the deposition subpoena issued by Defendant HVI Cat Canyon, Inc. ("HVI") to Mr. Carbajal. The County further requests that the Court protect Mr. Carbajal by forbidding the discovery sought by Defendant HVI.

The County seeks an ex parte order on behalf of Mr. Carbajal for the following reasons:

On January 23, 2017, Defendant HVI notified the County of its intent to take Mr. Carbajal's deposition on January 31, 2017. Under the circumstances, there is inadequate time to comply with the regular requirements for discovery-related motions set forth in Central District Local Civil Rules 37-1 and 37-2 and County therefore brings this matter ex parte.

Mr. Carbajal, as a non-party, is entitled to broad protection from the Court. At the time he was served with a deposition subpoena in this matter, Mr. Carbajal, as County Supervisor, was a high-ranking government official. Mr. Carbajal is currently a United States Congressperson. As set forth in the following Memorandum of Points and Authorities, in order to depose a high-ranking official, Defendant HCI must demonstrate extraordinary circumstances requiring Mr. Carbajal's deposition. Such circumstances do not exist here. Defendant HCI cannot establish that Mr. Carbajal has first-hand, personal factual information pertaining to material issues in this case or that Defendant HCI has exhausted all other sources to obtain any such information.

//
//
//
//

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA**
ii.

Defendant HVI opposes this application. Counsel for the opposing party is:

Steven E. Bledsoe, Larson O'Brien, LLP

Address: 555 S. Flower St., Ste. 4400, Los Angeles California

Telephone number: (213) 436-4866

E-mail address: sbledsoe@larsonobrienlaw.com

Plaintiffs United States of America and People of the State of California, *ex rel.* California Department of Fish and Wildlife and California Regional Water Quality Control Board, Central Coast Region do not oppose this application. Declaration of Mary Pat Barry ("Barry Decl."), ¶¶ 6-8.

Dated: January 27, 2017                MICHAEL C. GHIZZONI
                                       COUNTY COUNSEL

                                       By: /s/ - Mary Pat Barry
                                       Mary Pat Barry
                                       Sr. Deputy County Counsel
                                       Attorneys for Non-Parties,
                                       County of Santa Barbara and
                                       Former Santa Barbara County
                                       Supervisor, SALUD CARBAJAL

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA**
iii.

# MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

This action, brought by the United States of America and the People of the State of California, concerns alleged violations of federal and state law by HCI Cat Canyon, Inc., formerly known as Greka Oil & Gas, Inc. The claims set forth in the First Amended Complaint relate to oil spills that took place in the County of Santa Barbara at various times, including in 2008.

In 2008, County Supervisor Salud Carbajal served as Chairperson of the County of Santa Barbara's Board of Supervisors. Neither the County of Santa Barbara nor Mr. Carbajal are parties to this action.

Defendant HCI Cat Canyon, Inc. seeks to orally depose former County Supervisor Carbajal, who is now a United States Congressman for California's 24th District. The County of Santa Barbara brings this application ex parte to quash the deposition subpoena served upon Mr. Carbajal pursuant to the discovery doctrine prohibiting depositions of high-ranking government officials except in extraordinary circumstances. The Court's intervention to protect Mr. Carbajal is warranted here, where HCI Cat Canyon, Inc. cannot make either of the threshold showings required to overcome the strong protection provided to high-ranking government officials by the apex doctrine.

## STATEMENT OF PERTINENT FACTS

**1.    Non-Party Former County Supervisor Salud Carbajal.**

The Board of Supervisors of the County of Santa Barbara is comprised of five elected officials representing each of the five supervisory districts in the County. Each board member is elected for a four-year term. The position of Chairperson rotates annually among the five members.

//

//

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

Salud Carbajal served as the County's First District Supervisor from 2004 until 2016. In 2008 and 2013 Mr. Carbajal served as Chairperson. Mr. Carbajal is now a United States Congressman representing California's 24th District.

**2.  Deposition Subpoena to Mr. Carbajal.**

In this action, Defendant HVI Cat Canyon, Inc. ("HVI") issued a deposition subpoena dated September 28, 2016 to Supervisor Carbajal, pursuant to Federal Rule of Civil Procedure 45. Declaration of Martin McKenzie ("McKenzie Decl."), ¶ 2, Exhibit 1. The subpoena identified October 14, 2016 as the date for Mr. Carbajal's deposition. Martin McKenzie, Chief of Litigation for Santa Barbara County Counsel, contacted Defendant's counsel to request a postponement of the deposition. On or about October 3, 2016, in response to that request, HVI agreed to take Mr. Carbajal's proposed deposition off calendar. McKenzie Decl., ¶¶ 3-5.

**3.  Fact Discovery Deadline.**

It appears that as of October 3, 2016, the deadline for fact discovery in this action was October 14, 2016. Order Re: Ex Parte Application (Dkt. No. 182). Based on stipulation of the parties filed September 23, 2016 (Dkt. No. 202), by order filed October 4, 2016, the deadline for certain specific fact depositions was extended to January 13, 2017. Order Re: Stipulation and Further Proceedings (Dkt. No. 206). The specific fact depositions to which the extended deadline applied did not include the deposition of Mr. Carbajal. *Id.* The January 13, 2017 deadline to complete all non-expert depositions was later extended to January 31, 2017. Order (1) Continuing Expert Disclosure, Etc., Deadlines and (2) Setting Protocol for Privilege Review (Dkt. No. 229).

**4.  Post-October 3, 2016 Communication re Mr. Carbajal's Deposition.**

Except for an e-mail inquiry from HCI's counsel to Mr. McKenzie on October 7, 2014 regarding witness availability, HCI made no effort to reschedule Mr. Carbajal's deposition until January 17, 2017. McKenzie Decl. ¶¶

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA
2.

9, 13. Mr. McKenzie attended depositions of two County employees taken by HCI's counsel on October 13 and October 14, 2016 but HCI's counsel did not inquire on those dates about rescheduling Mr. Carbajal's deposition. McKenzie Decl. ¶¶ 6-7. Based on testimony of the County employees who were deposed, and the silence from HCI's counsel, Mr. McKenzie assumed HCI had lost interest in deposing Mr. Carbajal. McKenzie Decl. ¶¶ 10-12, Exhibits 2 & 3.

On January 17, 2017, Defendant's counsel Steven E. Bledsoe sent correspondence by e-mail to Mr. McKenzie asking when Mr. Carbajal would be available to appear for his deposition. McKenzie Decl., ¶ 13, Exhibit 4. Senior Deputy County Counsel Mary Pat Barry responded to Mr. Bledsoe to inform him that the County anticipated moving on Mr. Carbajal's behalf for a protective order quashing the deposition subpoena and to schedule a pre-motion conference as required by Central District Local Rule 37-1. Barry Decl. ¶ 3, Exhibit A. Mr. Bledsoe responded that HCI would oppose such a motion and provided the County with an Amended Notice of Deposition of Mr. Carbajal, which noticed a deposition on January 31, 2017 at 9:00 a.m. in Santa Barbara, California. Barry Decl., ¶ 4, Exhibit B. The United States House of Representatives is in session the week of January 30, 2017, including on January 31, 2017 so Mr. Carbajal is unavailable for deposition on that date. Barry Decl., ¶ 5.

**5.    HCI's Stated Need for Deposition of Mr. Carbajal.**

HCI provided the following statement of its need to depose Mr. Carbajal: "Among other things, Mr. Carbajal has direct, firsthand knowledge about his numerous communications with Robert Wise of the EPA and other regulators concerning HVI-Cat Canyon, Inc. f/k/a Greka Oil & Gas, Inc. Additionally, Mr. Carbajal's public statements suggest that he may have acted *ultra vires*, perhaps concerning HVI-CC." Barry Decl., ¶ 4, Exhibit B.

HCI's statement of need appears to arise from testimony of HCI's President Andrew DeVegvar. Mr. DeVegvar testified at his deposition that

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA**
3.

Robert Wise of EPA told him that "because of Randeep and his counsel's approach to the initial meeting with regard to the Bell spill with the Board of Supervisors – Salud Carbajal, who . . . was the head of the Board of Supervisors of Santa Barbara County, decided to call all the regulators that were relevant together and – to destroy Greka." Declaration of Steven E. Bledsoe in Support of HVI-Cat Canyon's Opposition to Plaintiff United States' Motion for a Protective Order ("Bledsoe Decl."), ¶ 6, Exhibit 5, 206:13-22. (Dkt. No. 213-3.) Mr. Wise testified that he had no recollection of telling Mr. DeVegvar in 2008 that Mr. Carbajal called in state and federal regulators to teach Greka a lesson. *Id.* ¶2, Exhibit 1, p. 202:5-12. County Petroleum Inspector Florentino Lopez and County Petroleum Specialist Pamela McNulty provided no testimony corroborating any such statement. McKenzie Decl. ¶¶ 10-12, Exhibit 2 (p. 4:12-18; pp. 23:22-24:3) and Exhibit 3 (p.4:19-25; pp. 58:2-59:21; pp. 67:2-68:13; p. 75:17-21; p. 83:6-19; pp. 87:5-88:2; p. 93:10-23).

## ARGUMENT

**I.   HCI'S DEPOSITION SUBPOENA TO MR. CARBAJAL SHOULD BE QUASHED PURSUANT TO THE APEX DOCTRINE.**

**A.   This Application is Timely.**

Federal Rule of Civil Procedure 30 provides that a party may depose any person and may compel the deponent's attendance by subpoena under Federal Rule of Civil Procedure 45. Fed. R. Civ. P. 30(a)(1).

On timely motion, the court must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). A motion to quash filed prior to the date noticed for compliance with a subpoena is timely. *N. Am. Co. for Life & Health Ins. v. Philpot,* 2010 U.S. Dist. LEXIS 124577, 6-7, 2010 WL 4917065, *2-3 (S.D. Cal. Nov. 24, 2010). This ex parte application is being filed prior to January 31, 2017, which is the deposition date set in HCI's amended notice. The application is therefore timely. Making this application

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

after the initial date set for deposition does not render it untimely. This is so because HCI agreed to take the October 14, 2016 deposition date off calendar. *See Brzezinski v. Allstate Insurance Co.,* 2012 U.S. Dist. LEXIS 193568, *18-19; 2012 WL 12869522, *6 (S.D. Cal. Aug. 28, 2012) (non-party motion to quash filed after date set for deposition deemed timely where party setting deposition had agreed to take deposition off calendar).

Given that over three months elapsed after postponement of Mr. Carbajal's deposition during which HCI was silent about rescheduling the deposition, the County did not recognize an earlier need to seek protection from discovery on behalf of Mr. Carbajal. Declaration of Martin McKenzie, ¶¶ 9-12. "'[T]he Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts.'" *Brzezinski,* 2012 U.S. Dist. LEXIS 193568, *17; 2012 WL 12869522, *6 (quoting *High Tech Med. Instrumentation, Inc. v. New Image Industries, Inc.,* 161 F.R.D. 86, 88 (9th Cir. 1995)). In recognition of the extra protection afforded non-party witnesses potentially subject to discovery, the Court should consider the merits of this application. *See Brzezinski,* 2012 U.S. Dist. LEXIS 193568 at *18-19; 2012 WL 12869522 at *6.

**B.    Mr. Carbajal's Position as a High-Ranking Official Establishes Good Cause Supporting an Order Quashing the Subpoena.**

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

A person from whom discovery is sought may move for a protective order and the court may, for good cause, issue an order forbidding the discovery in order to protect a person from annoyance or undue burden. Fed. R. Civ. P. 26(c)(1)(A). Non-parties are entitled to broad protection under Rule 26(c). *Dart Industries Co. v. Westwood Chemical Co.,* 649 F.2d 646, 649 (9th Cir. 1980).

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA**
5.

There are limits to a party's right to discovery. One of these limits is set by the "apex doctrine," which protects high-level executives from potential abuse or harassment caused by discovery seeking their deposition. *K.C.R. v. County of Los Angeles,* 2014 U.S. Dist. LEXIS 98279, *7-8, 2014 WL 3434257, *3 (C.D. Cal. July 11, 2014). Pursuant to the apex doctrine, "high-ranking government officials may not be deposed absent extraordinary circumstances." *Avalos v. Baca,* 2006 U.S. Dist. LEXIS 79376, *3; 2006 WL 6220447, *2 (C.D. Cal. Oct. 16, 2006); *K.C.R.*, 2014 U.S. Dist. LEXIS 98279 at *8-9, 2014 WL 3434257 at *3. The protection provided extends to the official even after leaving office. *K.C.R.*, 2014 U.S. Dist. LEXIS 98279 at *9, 2014 WL 3434257 at *3. A County Supervisor is a high ranking government official *See Kob v. County of Marin,* 2009 U.S. Dist. LEXIS 107376, *9, 2009 WL 3706820, *3 (N.D. Cal. Nov. 3, 2009) (finding the President of the Board of Supervisors of Marin County a high ranking official akin to a mayor).

Courts determining whether to allow the deposition of a high-ranking official consider "'(1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods.'" *K.C.R.*, 2014 U.S. Dist. LEXIS 98279 at *9; 2014 WL 3434257 at *3 (quoting *Apple, Inc. v. Samsung Elecs. Co., Ltd.,*282 F.R.D. 259, 263 (N.D. Cal. 2012)).

In addressing the first area of consideration, HCI's burden is to prove that Mr. Carbajal has direct personal, factual information pertaining to material issues in this action. It is unclear what factual information Mr. Carbajal could have pertaining to material issues in an action brought by the United States of America and the State of California for civil penalties, injunctive relief, cost recovery, and damages under federal and state law. HCI has admitted to a number of "releases" or "escapes" of oil. Answer of Defendant HVI Cat Canyon, Inc., f/k/a Greka Oil & Gas, Inc. to Plaintiffs' First Amended

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA
6.

Complaint, ¶¶ 23, 38, 44, 57, 58, 74. (Dkt. No. 62.) This Court has stated that "[t]he ultimate question is whether the EPA had jurisdiction over the spills, which depends on the existence of objective facts, not on a party's state of mind." Order Granting Plaintiff's Motion for Protective Order Regarding Deposition of Attorney Michael Massey, p. 19 (Dkt. No. 235). Although County is not a party to this action and therefore lacks knowledge of all discovery conducted by HCI, it appears that HCI's effort to depose Mr. Carbajal is merely a fishing expedition into immaterial matters, which discovery must not be. *Holguin v. County of Los Angeles,* 2011 U.S. Dist. LEXIS 153058, *5-6, 2011 WL 7128640, * 2 (C.D. Cal. Oct. 12, 2011). This is evident from the vague description in HCI's counsel's letter of January 23, 2017 regarding its need to depose Mr. Carbajal. Barry Decl. ¶ 4, Exhibit B.

      HCI can only be vague in describing a need for Mr. Carbajal's testimony because, in conjunction with HCI president Andrew DeVegvar's testimony regarding an alleged hearsay statement about an alleged gathering of federal and state agency regulators, it does not follow that any employee of a federal or state agency such as the United States Coast Guard, the Federal Environmental Protection Agency, the California Division of Oil and Gas, the California Department of Fish and Wildlife, or the California Regional Water Quality Control Board or would take or follow direction from an individual outside their own agencies. HCI likely has no evidence that a county supervisor controlled the actions of federal and/or state regulatory agencies in connection with HCI's oil spills, releases or escapes in Santa Barbara County. It is self-evident that a county supervisor would not have authority to determine the actions of employees of such agencies, all of whom are undoubtedly bound by their own agency policies and procedures, guided by their agency counsel, and directed by the requirements of state and federal environmental laws and regulations.

//

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA**
7.

The Court should test HCI's vague representations concerning the need for Mr. Carbajal's deposition. HCI must be required to make the threshold showing that the discovery it seeks from Mr. Carbajal would have some relevance to the material issues raised by the claims or affirmative defense contained in the pleadings. *See Holguin,* 2011 U.S. Dist. LEXIS 153058 at *7, 2011 WL 7128640 at *2. Absent such a showing, the subpoena should be quashed.

In addressing the second area of consideration for application of the apex doctrine, HCI carries the burden to prove that Mr. Carbajal is the only source of the information sought. HCI must show that Mr. Carbajal has information that other staff members in his office or other County employees do not have.

> It is not sufficient simply to make allegations to such effect in a conclusory manner; rather, a party seeking to depose a high-ranking official must make a showing as to what efforts have been made to determine whether the information is otherwise available and the extent to which their efforts failed to uncover such information.

*Coleman v. Schwarzenegger,* 2008 U.S. Dist. LEXIS 70224, *28, 2008 WL 4300437, *4 (E.D. Cal. Sept. 15, 2008). The County is unaware of any effort made by HCI to first seek discovery from Mr. Carbajal's staff. Additionally, because HCI seeks information about an alleged statement to "relevant regulators," HCI must show what efforts have been made to determine whether the information it seeks is otherwise available from a source within those regulating agencies or organizations. It certainly seems that if a County Supervisor gathered federal and state regulators together and addressed them, use of discovery tools other than Mr. Carbajal's deposition would produce evidence of such a gathering. Use of those discovery tools would also likely produce evidence of what took place during any such a meeting, what was said,

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA
8.

how each attending regulator communicated within his or her agency after the meeting, etc. HCI is required to exhaust all discovery sources before seeking to depose Mr. Carbajal. Those sources would include every federal, state, and local agency involved in addressing the oil spills, discharges, or escapes at issue in this action. HCI must convince this Court that it has exhausted all other sources before HCI can be permitted to depose Mr. Carbajal.

## II. HCI MAY BE PRECLUDED FROM DEPOSING MR. CARBAJAL FOR FAILURE TO OBTAIN AN ORDER PERMITTING A DEPOSITION AFTER THE FACT DISCOVERY DEADLINE OF OCTOBER 14, 2016.

Court orders in this action establish that the deadline for fact discovery was October 14, 2016, which was the initial date set for Mr. Carbajal's oral deposition. In agreeing to postpone Mr. Carbajal's deposition, HCI presumably was aware of the fact discovery deadline. HCI appears barred from now seeking to require Mr. Carbajal to appear for a deposition when the fact discovery deadline, except evidently for specific matters not encompassing Mr. Carbajal's deposition, expired over three months ago.

## III. IF THE COURT ALLOWS HCI TO PURSUE DISCOVERY, THE COUNTY REQUESTS ENTRY OF A PROTECTIVE ORDER ALLOWING ONLY WRITTEN INTERROGATORIES TO MR. CARBAJAL FOCUSED ON LIMITED SUBJECT MATTER.

If the Court does not find good cause to forbid the discovery from Mr. Carbajal that is sought by HCI, the County requests that the Court issue an order to protect Mr. Carbajal by prescribing a discovery method other than oral deposition and limiting the scope of the discovery to specific matters relevant to claims and affirmative defenses contained in the pleadings. Fed. R. Civ. P. 26(c)(1)(C) & (D).

//

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA
9.

## CONCLUSION

For the reasons set forth above, the County on behalf of Mr. Carbajal respectfully requests that this Court enter an order quashing the deposition subpoena to Salud Carbajal and forbidding HCI from deposing Mr. Carbajal.

Dated: January 27, 2017

MICHAEL C. GHIZZONI
COUNTY COUNSEL

By: /s/ - Mary Pat Barry
Mary Pat Barry
Sr. Deputy County Counsel
Attorneys for Non-Parties
County of Santa Barbara and
Former Santa Barbara County
Supervisor, SALUD CARBAJAL

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA**
10.

# PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF SANTA BARBARA

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within entitled action; my business address is 105 East Anapamu Street, Santa Barbara, California.

On January 27, 2017, I served a true copy of the within **COUNTY OF SANTA BARBARA'S EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF MARTIN MCKENZIE IN SUPPORT; DECLARATION OF MARY PAT BARRY IN SUPPORT; PROPOSED ORDER** on the Interested Parties in this action by:

☐   by mail. I am familiar with the practice of the Office of Santa Barbara County Counsel for the collection and processing of correspondence for mailing with the United States Postal Service. In accordance with the ordinary course of business, the above mentioned document would have been deposited with the United States Postal Service, after having been deposited and processed for postage with the County of Santa Barbara Central Mail Room.

☒   by electronic transmission via CM/ECF to the persons indicated below:

☐   by depositing it in the United States Mail in a sealed envelope with postage thereon fully prepaid to the following:

## SEE ATTACHED SERVICE LIST

☐   (State)   I declare, under penalty of perjury, that the above is true and correct.

☒   (Federal)   I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on January 27, 2017, at Santa Barbara, California.

/s/-D'Ann Sjovold
D'Ann Sjovold

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA**
1.

SERVICE LIST

*United States of America, et al. v. HVI Canyon, Inc., f/k/a Greka Oil & Gas, Inc.*

Case No: 2:11-cv-05097-FMO-SS

| Mark Sabath<br>U.S. Department of Justice<br>Environmental Enforcement Section<br>P.O. Box 7611<br>Washington, DC 20044-7611<br><br>Mark.sabath@usdoj.gov<br><br>*Attorneys for Plaintiff United States of America* | Steven E. Bledsoe<br>Larson O'Brien LLP<br>555 South Flower St., Suite 4400<br>Los Angeles, CA 90017<br><br>sbledsoe@larsonobrienlaw.com<br><br>*Attorneys for Defendant HVI CAT CANYON, INC., f/k/a GREKA OIL & GAS, INC.* |
|---|---|
| Michael T. Zarro<br>California Attorney General's Office<br>Natural Resource Law Section<br>300 S. Spring Street, Suite 1702<br>Los Angeles, CA 90013<br><br>michael.zarro@doj.ca.gov<br><br>*Attorneys for Plaintiff People of the State of California* | |

COUNTY COUNSEL
County of Santa Barbara
105 East Anapamu Street
Santa Barbara, CA 93101
(805) 568-2950

**EX PARTE APPLICATION FOR PROTECTIVE ORDER QUASHING DEPOSITION SUBPOENA**
2.