[The names and parties submitting this document are listed on the page immediately following this caption page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and PEOPLE OF THE STATE OF CALIFORNIA, *ex rel.* CALIFORNIA DEPARTMENT OF FISH AND WILDLIFE and CALIFORNIA REGIONAL WATER QUALITY CONTROL BOARD, CENTRAL COAST REGION,<br><br>         Plaintiffs,<br><br>    v.<br><br>HVI CAT CANYON, INC., f/k/a GREKA OIL & GAS, INC.,<br><br>         Defendant. | Case No.:  2:11-cv-05097-FMO-SS<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR DECLARATION OF INAPPLICABILITY OF THE BANKRUPTCY AUTOMATIC STAY** |

BRUCE S. GELBER
Deputy Assistant Attorney General
Environment and Natural Resources Division

RICHARD GLADSTEIN
E-mail: richard.gladstein@usdoj.gov
District of Columbia Bar Number: 362404
DAVIS H. FORSYTHE
E-mail: davis.forsythe@usdoj.gov
Colorado Bar Number: 51737
KARL J. FINGERHOOD
E-mail: karl.fingerhood@usdoj.gov
Pennsylvania Bar Number: 63260
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Telephone: (202) 514-1196
Facsimile: (202) 616-2427

Attorneys for Plaintiff the United States of America

XAVIER BECERRA
Attorney General of California
ERIC M. KATZ
Supervising Deputy Attorney General
H. ALEXANDER FISCH
MICHAEL T. ZARRO
Deputies Attorneys General
California Bar Number: 110171
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6327
Facsimile: (213) 897-2802
E-mail: michael.zarro@doj.ca.gov

Attorneys for Plaintiff People of the State of California
*ex rel.* California Department of Fish and Wildlife and
California Regional Water Quality Control Board, Central Coast Region

1                Plaintiffs' Memo in Support of Declaration of Inapplicability of The Bankruptcy Automatic Stay

## I. Introduction

Plaintiffs United States of America and the People of the State of California *ex rel.* California Department of Fish and Wildlife and California Regional Water Quality Control Board, Central Coast Region ("State") submit this memorandum of law in support of their motion for an order declaring that their pursuit of this environmental enforcement action against HVI Cat Canyon (f/k/a Greka Oil) ("HVI") is not stayed by the automatic stay of the Bankruptcy Code, 11 U.S.C. § 362(a). Plaintiffs' enforcement action is an exercise of their police and regulatory powers that seeks to protect human health and the environment by obtaining injunctive relief to remedy violations of State and federal clean water and hazardous waste laws, by deterring further violations of those laws through a judgment for civil penalties, and through a judgement for the United States' costs of cleaning up HVI's spills and damages to the State's natural resources. As such, the Plaintiffs' pursuit of this action is exempt from the bankruptcy automatic stay. *See* 11 U.S.C. § 362(b)(4). Thus, the Plaintiffs respectfully request that this Court find that, notwithstanding HVI's recent filing for bankruptcy protection, the prosecution of this action is not stayed by the automatic stay of 11 U.S.C. § 362(a), and the Court may proceed to issue its decision following the bench trial held in this matter.[1]

## II. Background

On July 25, 2019, HVI filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. *In re HVI Cat Canyon, Inc.*, Ch. 11, Bankr.

---

[1] Enforcement of any money judgment obtained would be through the bankruptcy process. See, 11 U.S.C. § 362(b)(4).

2    Plaintiffs' Memo in Support of Declaration of Inapplicability of The Bankruptcy Automatic Stay

No. 19-12417 (MEW) (Bankr. S.D.N.Y.). *See* Docket No. 495 (Notice of Bankruptcy Filing). On July 30, 2019, the Court issued an Order indicating that it expects to issue its decision relating to the bench trial held in this matter by no later than October 31, 2019. *See* Docket No. 494. On August 8, 2019, this Court issued a minute Order setting a Status Conference in this matter. *See* Docket No. 497.[2] As explained below, the bankruptcy automatic stay is inapplicable to Plaintiffs' case, and the Court should proceed to issue its decision establishing appropriate injunctive relief and fixing the amount of penalties, cost recovery under the Oil Pollution Act, and State natural resource damages. *See* 11 U.S.C. § 362(b)(4).

### III.   Argument

On June 17, 2011, the Plaintiffs filed their complaint for civil penalties and injunctive relief in this action. In the Complaint, the United States alleges claims against HVI for: 12 oil spills in violation of Sections 301 and 311 of the Clean Water Act ("CWA"); failure to prepare and implement Spill Prevention, Control, and Countermeasure Plans and Facility Response Plans; and seeking reimbursement of the United States' response costs under the Oil Pollution Act of 1990 with respect to HVI's facilities located in Santa Barbara County, California. Dkt. No. 1. The State sought penalties and recovery for natural resource damages under State environmental statutes for these and other spills. *Id.*

On March 15, 2017, the United States filed its motion for partial summary judgment. Dkt. No. 252-1. On May 20, 2018, the Court granted in large part and denied in part the United States' motion for summary judgment, holding HVI

---

[2] The Minute Order also indicated that "[t]he motion to withdraw by Diamond McCarthy LLP's is hereby vacated, subject to reinstatement after the stay has been lifted by the bankruptcy court." *Id.* As the Court is aware, the Plaintiffs did not take a position on the Motion to Withdraw. Similarly, the Plaintiffs take no position as to the applicability of the automatic stay to the Motion to Withdraw.

3    Plaintiffs' Memo in Support of Declaration of Inapplicability of The Bankruptcy Automatic Stay

liable for 10 of the 12 spills for which the United States pursues claims, and for the United States' removal costs in connection with several of the incidents in the amount of $2,243,687 plus interest. *See* Dkt. No. 307.

Between October 22 and October 26, 2018, this Court held a bench trial to determine HVI's liability for the remaining undecided causes of action, including the appropriate civil penalty and injunctive relief required of HVI at its facilities. On July 25, 2019, HVI filed for bankruptcy in the United States Bankruptcy Court for the Southern District of New York. *In re HVI Cat Canyon, Inc.*, Ch. 11, Bankr. No. 19-12417 (MEW) (Bankr. S.D.N.Y.)

### A.  This Court has Jurisdiction to Determine the Applicability of the Automatic Stay to this Proceeding

It is well-established that federal district courts in which an action is pending exercise concurrent jurisdiction with bankruptcy courts to determine the applicability of exceptions to the automatic bankruptcy stay.[3] Therefore, this Court can determine that issuance of the Court's decision following the bench trial held in this matter last October falls within the exception to the automatic stay, pursuant to 11 U.S.C. § 362(b)(4), as this case relates to police and regulatory powers of the United States and the State. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1107 (9th Cir. 2005) ("we hold that the district court has jurisdiction to decide whether the … suit comes within the exception to the automatic stay for 'police or regulatory

---

3 *See Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005); *United States Dept. of Housing and Urban Dev. v. Cost Control Marketing and Sales Mgt. of Virginia, Inc.*, 64 F.3d 920, 926 n. 11 (4th Cir. 1995); *Brock v. Morysville Body Works, Inc.*, 829 F.2d 383, 387 (3d Cir. 1987). *See also Pico v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990); *N.L.R.B. v. Edward Cooper Painting Inc.*, 804 F.2d 934, 938-39 (6th Cir. 1986); *In re Baldwin-United Corp. Litigation*, 765 F.2d 343, 347 (2d Cir. 1985).

4          Plaintiffs' Memo in Support of Declaration of Inapplicability of The Bankruptcy Automatic Stay

power' under [11 U.S.C.] § 362(b)(4).") "Indeed, *Lockyer* states that '[a] government unit need not affirmatively seek relief from the automatic stay to initiate or continue an action subject to the exemption.'" *Fed. Trade Comm'n v. Bunzai Media Group, Inc.*, No. CV 15-4527-GW(PLAx), 2017 WL 5035401, at *2 (C.D. Cal. Sept. 28, 2017) (*quoting Lockyer*, 398 F.3d at 1107). Thus, this Court has jurisdiction to decide the question of whether this case fits within an exception to the automatic stay.

**B. Under the Police and Regulatory Exception, the Automatic Stay in Bankruptcy Does Not Apply to Plaintiffs' Pursuit of this Action**

Section 362(a) of Title 11 of the United States Code provides, in relevant part, that the filing of a petition in bankruptcy operates as a stay of:

> (1) the commencement or continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C. § 362(a)(1). The automatic stay, however, does not apply to all civil actions. Indeed, Congress carved out numerous exceptions. *See* 11 U.S.C. §362(b). Specifically, as relevant here, Section 362(b)(4) provides that the automatic stay does not apply to

> the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's . . . police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's . . . police or regulatory power.

11 U.S.C. § 362(b)(4).

These exemptions demonstrate Congressional recognition that "in some

5       Plaintiffs' Memo in Support of Declaration of Inapplicability of The Bankruptcy Automatic Stay

circumstances bankruptcy policies were to yield to higher priorities." *United States v. ILCO, Inc.*, 48 B.R. 1016, 1023 (N.D. Ala. 1985). Congress "clearly intended for the police power exception to allow governmental agencies to remain unfettered by the bankruptcy code in the exercise of their regulatory powers." *In re Commerce Oil Co.*, 847 F.2d 291, 295 (6th Cir. 1988). Enforcement of federal environmental laws enacted to protect the public health and safety is a classic exercise of federal regulatory authority. "No more obvious exercise of the State's power to protect the health, safety, and welfare of the public can be imagined." *Penn Terra Ltd. v. Dep't of Envt.l Res.*, 733 F.2d 267, 274 (3d Cir. 1984); *see also United States v. Nicolet, Inc.*, 857 F.2d 202, 207 (3d Cir. 1988) (Congress enacted the police and regulatory power exception "[t]o combat the risk that the bankruptcy court would become a sanctuary for environmental wrongdoers, among others"); *accord Commodity Futures Trading Comm'n v. Co Petro Marketing Group, Inc.*, 700 F.2d 1279, 1283 (9th Cir. 1983). Thus, numerous courts of appeal have determined that Section 362 does not stay governmental proceedings to enforce statutes protecting human health and the environment. *See Safety-Kleen, Inc. v. Wyche*, 274 F.3d 846, 864-66 (4th Cir. 2001) (RCRA regulatory requirement falls within police and regulatory exception to automatic stay); *United States v. Jones & Laughlin Steel Corp.*, 804 F.2d 348, 350-51 (6th Cir. 1986) (proceeding under Clean Air Act falls under police and regulatory exception); *Commonwealth Oil Refining Co., Inc. v. United States EPA*, 805 F.2d 1175, 1186 (5th Cir. 1986) (EPA action to enforce compliance with RCRA groundwater monitoring and testing requirements held to be an exercise of police and regulatory authority); *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1024-25 (2d Cir. 1991) (recovery of response costs incurred by the government under Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA")); *United States v. Nicolet, Inc.*, 857 F.2d 202, 207-

10 (3d Cir. 1988) (automatic stay did not apply to government action to recover costs expended in the cleanup-up of a hazardous waste site pursuant to CERCLA); *In re Hemingway Transport, Inc.*, 993 F.2d 915 (1st Cir. 1993) (recovery of response costs under CERCLA).

As one of those courts explained:

> Congress recognized . . . that the stay provision was particularly vulnerable to abuse by debtors improperly seeking refuge under the stay in an effort to frustrate necessary governmental functions. To combat the risk that the bankruptcy court would become a sanctuary for environmental wrongdoers, among others, Congress enacted the police and regulatory exception to the automatic stay . . . . These provisions embody Congress' recognition that enforcement of the environmental protection laws merits a higher priority than the debtor's rights to a "cease fire" or the creditors' rights to an orderly administration of the estate.

*Nicolet*, 857 F.2d at 207.

The legislative history of the Bankruptcy Reform Act of 1978, which enacted the police and regulatory exception, confirms the conclusion reached by those courts:

> Under present law, there has been some overuse of the stay in the area of governmental regulation. For example, in one Texas bankruptcy court, the stay was applied to prevent the State of Maine from closing down one of the debtor's plants that was polluting a Maine river in violation of Maine's environmental protection laws . . . . The bill excepts these kinds of actions from the automatic stay. The States will be able to enforce their police and regulatory powers free from the automatic stay.

H.R. Rep. No. 95-595, at 174-75 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6135. *See Midlantic Nat'l Bank v. New Jersey Dep't of Envt'l Protection*, 474 U.S. 494, 504 n.6 (1986); *Commonwealth Oil*, 805 F.2d at 1182-84 & n.7.

Another passage in both the House and Senate Reports noted that:

7  Plaintiffs' Memo in Support of Declaration of Inapplicability of The Bankruptcy Automatic Stay

> Paragraph (4) excepts commencement or continuation of actions and proceedings by governmental units to enforce police or regulatory powers. Thus, where a governmental unit is suing a debtor to prevent or stop violation of fraud, environmental protection, consumer protection, safety, or similar police or regulatory laws, or attempting to fix damages for violation of such a law, the action or proceeding is not stayed under the automatic stay.

H. R. Rep. No. 95-595, at 343, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6299; S. Rep. No. 95-989, at 52 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5838. *See Midlantic*, 474 U.S. at 503-04; *Commerce Oil*, 847 F.2d at 295; *Commonwealth Oil*, 805 F.2d at 1182-83.

The statute itself, the case law applying Section 362(b)(4), and the legislative history all confirm that the police and regulatory exception to the automatic stay in bankruptcy allows the continuation of governmental actions to enforce compliance with environmental laws and to obtain judgments for civil penalties, recovery of government response costs, and natural resource damages. The Plaintiffs recognize, however, that any judgment for civil penalties, recovery of response costs, or natural resource damages imposed against HVI in this action would need to be enforced through the bankruptcy process.

### C. This Case Satisfies *Both* Tests the Ninth Circuit has Established to Determine if an Action is Excepted from the Automatic Stay by Section 362(b)(4)

The Ninth Circuit has established two related, and somewhat overlapping tests to determine if a matter falls within the "police or regulatory powers" exception of 11 U.S.C. § 362(b)(4) – the "public purpose" test and the "pecuniary interest" test. *Lockyer* at 1108. A suit comes within the exception of § 362(b)(4) if it satisfies *either* test. *Id.* As explained below, the current lawsuit satisfied *both* the

8      Plaintiffs' Memo in Support of Declaration of Inapplicability of The Bankruptcy Automatic Stay

"public purpose" test and the "pecuniary purpose" test. Therefore, the Court should determine that this case falls within the Section 362(b)(4) exception, proceed to enter its decision as to the injunctive relief required at HVI's facilities, and fix the appropriate amount of civil penalties, response cost recovery, and natural resource damages for which Defendant is liable.

### 1. Plaintiffs' Causes of Action Satisfy the "Public Purpose" Test for Applying the Police and Regulatory Exception to the Automatic Stay

Governmental litigation falls within the police and regulatory exception of Section 362(b)(4) when it is enforcing a law intended to promote "public safety and welfare" or to "effectuate public policy." *In re Iams Funeral Home, Inc.*, 392 B.R. 218, 221 (N.D. W. Va. 2008) (*quoting Safety- Kleen*, 274 F.3d at 865). This action to enforce the CWA and similar California clean water statutes satisfies the public policy test. The purpose of the CWA is, *inter alia*, "to restore and maintain … the integrity of the Nation's Water" by eliminating the discharge of toxic pollutants. 33 U.S.C. § 1251. Actions brought to enforce statutory and regulatory limits on the release of toxic pollutants under the CWA clearly effectuates a public policy and are exempt from the automatic stay.

In applying the public policy test to environmental actions filed by the United States and States, courts have made clear that Section 362 should not be construed to bar a governmental proceeding which seeks to protect public safety and welfare. Since the late 1980's, Section 362(b)(4) was regularly invoked in environmental cases to allow the government to proceed despite a bankruptcy filing. *See, e.g.*, *United States v. Federal Resources Corp.*, 525 B.R. 759, 763 (D. Idaho 2015). "Efforts to rectify harmful environmental sites are obvious exercises of the state's power to protect the health, safety, and welfare of the

public." *Id.* at 767 (*quoting Nicolet, Inc.*, 857 F.2d at 208). *See also Acosta v. Valley Garlic, Inc.*, 1:16-cv-01156-AWI-EPG, 2018 WL 288017, at * 3 (E.D. Cal., Jan. 4, 2018) (action by United States Secretary of Labor to enjoin violations of Fair Labor Standards Act, and to recover unpaid wages satisfied both the public purpose test and the pecuniary purpose test). Since the proceeding brought by the plaintiffs clearly fits within the "public policy" test it is unnecessary for the Court to reach the "pecuniary interest" test. *See City & County of San Francisco v. PG&E Corp.*, 433 F.3d 1115, 1125 (9th Cir. 2006). Nevertheless, as discussed below the Plaintiffs proceeding also satisfies the "pecuniary purpose" test.

### 2. Plaintiffs' Causes of Action Satisfy the "Pecuniary Purpose" Test for Applying the Police and Regulatory Exception to the Automatic Stay

Under the "pecuniary purpose" test the Court determines whether the action is primarily related to the protection of the government's pecuniary interest in the debtor's property. *PG&E Corp.*, 433 F.3d at 1124-25 (9th Cir. 2006). In PG&E the Ninth Circuit found that the City's action against the Debtor under the California Unfair Competition Law, seeking injunctive relief, penalties, and restitution, satisfied the pecuniary purpose test. The Ninth Circuit found that there was no evidence that the proceeding was primarily brought to advance the government's pecuniary interests, but the relief requested, including injunctive relief, penalties, and restitution "will benefit the public welfare by penalizing past unlawful conduct and deterring future wrongdoing . . . In these circumstances the [requested relief, including restitution] fits comfortably within section 362(b)(4)." *Id.* at 1125.

Here, the Plaintiffs seek penalties for the Defendant's non-compliance with the CWA, to recover costs incurred by the government to clean up oil and hazardous substances released by the Defendant, and to recover costs to

rehabilitate damages to natural resources. The purpose of the laws being enforced in this action is not to protect "the government's pecuniary interest in the debtor's property" or to "adjudicate private rights." Therefore, Plaintiffs' claims meet the "pecuniary purpose test" and fall within the police and regulatory exception to the automatic stay. *Lockyer* at 1108-09 (9th Cir. 2005). *See also In re Berg v. Good Samaritan Hosp.*, 230 F.3d 1165, 1167-68 (9th Cir. 2000); *Chao v. Hospital Staffing Serv., Inc.*, 270 F.3d at 385-86 (6th Cir. 2001); *Commerce Oil*, 847 F.2d at 296 (State action to enforce water quality laws fell within police and regulatory exception where law was not "an action primarily designed to protect a pecuniary interest" and any pecuniary award was "apparently of only secondary importance."); *In re First Alliance Mortgage Co.*, 263 B.R. 99 (9th Cir. B.A.P. 2001) (In a consumer protection action, the State's claims for penalties, attorneys' fees and restitution were exempt from the automatic stay pursuant to 11 U.S.C. § 362(b)(4)).[4]

### D. Conclusion

The message that HVI and others should receive is that they cannot use bankruptcy as a safe haven from compliance with environmental laws or actions in district courts to enforce environmental law. *See* 28 U.S.C. § 959(b) ("a debtor in possession shall manage and operate the property in his possession . . . according to the requirements of the valid laws of the State in which such property is situated

---

4 Nor does the fact that a debtor may need to spend money to comply with a health and safety requirement mean that the action is not police and regulatory. As the *Penn Terra* court explained, almost any regulatory mandate necessitates some expenditures to comply. If this were the test for whether an action is police and regulatory, the exception would "be narrowed into virtual nonexistence." 733 F.2d at 277-78. *Accord Commerce Oil*, 847 F.2d at 296 ("removing, correcting or terminating pollution . . . are actions to protect the public health and safety"); *Commonwealth Oil*, 805 F.2d at 1186 (*quoting Penn Terra*).

11       Plaintiffs' Memo in Support of Declaration of Inapplicability of The Bankruptcy Automatic Stay

. . . ."); *Midlantic Nat'l Bank*, 474 U.S. at 502 ("Congress has repeatedly expressed its legislative determination that the trustee is not to have carte blanche to ignore nonbankruptcy law . . . Congress has expressly provided that the efforts of the trustee to marshal and distribute the assets of the estate must yield to governmental interests in public health and safety"); *United States v. Wheeling-Pittsburgh Steel Corp.*, 818 F.2d 1077, 1087 (3d Cir. 1987) (bankruptcy did not justify releasing debtor from requirements of Clean Air Act). To convey any other message to HVI would further endanger public health, welfare and the environment. In sum, this environmental enforcement action clearly meets the public policy test *and* the pecuniary interest test, such that the police and regulatory exception to the automatic stay applies, and the Court should find that the automatic stay is inapplicable.

Plaintiffs respectfully request a declaration that their pursuit of the instant environmental enforcement action filed pursuant to the CWA, the Oil Pollution Act, and similar California environmental laws falls within the "police and regulatory power" exception of Section 362(b)(4) of the Bankruptcy Code, 11 U.S.C. § 362(b)(4), that the automatic stay therefore does not stay this action, and that the Court may proceed to issue its decision addressing HVI's non-compliance with federal and State environmental laws by imposing appropriate injunctive relief at HVI's facilities, and fixing the amount of civil penalties, response costs, and natural resource damages for which it is liable.

Respectfully submitted,

For the United States:

Dated:  August 9, 2019           /s/ *Karl J. Fingerhood*[5]

---

[5] Filer attests that all signatories listed concur in the filing's content and have authorized the filing pursuant to Local Rule 5-4.3.4(a)(2)(i).

12        Plaintiffs' Memo in Support of Declaration of Inapplicability of The Bankruptcy Automatic Stay

RICHARD GLADSTEIN
DAVIS H. FORSYTHE
KARL J. FINGERHOOD
Environmental Enforcement Section
U.S. Department of Justice

For the People of the State of California *ex rel.* CDFW and the Regional Board:

/s/ *H. Alex Fisch*
MICHAEL T. ZARRO
H. ALEX FISCH
Office of the Attorney General
C.A. Department of Justice

---

13   Plaintiffs' Memo in Support of Declaration of Inapplicability of The Bankruptcy Automatic Stay